# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PEDROZA OCHOA, et al., <br><br> Plaintiffs, <br> vs. <br> CITY OF OCEANSIDE, et al., <br><br> Defendants. | CASE NO. 15cv568-LAB (NLS) <br><br> **ORDER GRANTING UNITED STATES' MOTION TO DISMISS** |

This case arises out of the death of Daniel Pedroza. Plaintiffs allege that an officer with the Oceanside Police Department shot Pedroza without probable cause. Plaintiffs have sued three federal defendants—U.S. Internal Affairs, the U.S. Department of Justice, and the White House. The United States has moved to dismiss the claims against these three defendants. (Docket no. 30.)

**Legal Standards**

A Fed. R. Civ. P. 12(b)(1) challenges a complaint's jurisdictional allegations. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The

Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Jurisdiction to Sue Federal Agencies Under 42 U.S.C. § 1983**

Plaintiffs brings their first cause of action under 42 U.S.C. § 1983. Section 1983 "impose[s] liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions." *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). Nor is the White House. *Cf. Lamb v. White House Staff*, 2009 WL 2526442, at *2 (D.S.C. July 22, 2009) (dismissing claim against "White House Staff" because "a defendant in a section 1983 action must qualify as a 'person,'" and White House Staff did not). Because the federal defendants are not "persons," Plaintiffs fail to state a § 1983 claim against them.

**Plaintiffs' Tort Claims**

The remainder of Plaintiffs' claims arise under state tort law. Alleged violations of state tort law by the federal government can be maintained only in an action pursuant to the Federal Tort Claims Act (FTCA). *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1988) ("The FTCA is the exclusive remedy for tortious conduct by the United States."). The filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to filing an FTCA suit. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Plaintiffs bear the burden of establishing jurisdiction under the FTCA and must affirmatively allege compliance with the FTCA's administrative exhaustion requirement. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint" (internal citation omitted)). Plaintiffs do not allege compliance with the FTCA's exhaustion requirement, so the Court lacks subject matter jurisdiction over their tort claims against the federal defendants.

/ / /

**Failure to Allege Facts to State a Claim Against Federal Defendants**

Plaintiffs repeatedly refer to conduct performed by "Defendants," but never mention any acts specifically performed by the federal defendants. Plaintiffs therefore fail to give the federal defendants fair notice of a legally cognizable claim against them. *See Malletier v. The Flea Mkt., Inc.*, 2009 WL 1625946, at *2 (N.D. Cal. June 10, 2009).

**Conclusion**

The United States' motion to dismiss (Docket no. 44) is **GRANTED**. Plaintiffs' claims against the federal defendants are **DISMISSED**. If Plaintiffs think they can amend their complaint to fix the problems identified in this order and the United States' motion to dismiss, they may file an amended complaint no later than July 6, 2016.

**IT IS SO ORDERED**.

DATED: June 27, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge