UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PEDROZA OCHOA, individual and as Surviving Spouse of Daniel Pedroza deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OCEANSIDE, a California municipal corporation, et al.,<br><br>Defendants. | Case No.: 3:15-cv-00568-LAB-NLS<br><br>**ORDER DETERMINING DISCOVERY DISPUTE NO.1**<br><br>(Dkt. No. 68) |

Before the Court is the parties' joint motion for determination of discovery dispute no. 1. The parties request determination on two issues: (1) whether to provide a limited extension of the expert disclosures deadline for only mental or emotional health experts; and (2) whether Defendants should be able to recover their costs and fees from Plaintiffs associated with a witness's non-appearance at a deposition. For the reasons explained below, the Court **GRANTS** the request to extend the expert disclosures deadline for only mental or emotional health experts, and **GRANTS** Defendants' request for reimbursement of expenses related to the non-appearance at the deposition.

## I. Expert Disclosures Deadline

Defense counsel represents that when she met and conferred with Plaintiffs' counsel, she asked whether Plaintiffs would stipulate to extend the expert disclosures deadline, for mental/emotional health experts only, from October 7, 2016 to November 16, 2016. Defendants seek this extension because their mental health expert is undergoing spinal surgery and will not be recovered enough to produce his expert report until at least mid-November. (Decl. of Deborah Nash, Dkt. No. 68-1 at ¶ 3.) Defendant states the requested extension will not affect any other current deadlines set in the scheduling order. (Dkt. No. 68 at 3.) Defendants aver Plaintiffs refused the request, thus necessitating this discovery motion.

Plaintiffs respond in their portion of the joint motion that Plaintiffs are willing to agree to a limited extension of the expert exchange deadline to November 16, 2016.[1] (Dkt. No. 68 at 6.) As such, it appears this issue is no longer in dispute. Having reviewed the papers submitted and for good cause shown, the Court will grant this request.

## II. Reimbursement for Expenses Incurred for Non-Appearance at Deposition

Defendants assert they served a deposition subpoena under Federal Rule of Civil Procedure 45 to take the deposition of Ivonne Ortiz ("Ortiz"). (Dkt. No. 68-1 at ¶ 4.) Ortiz is not a party to this case. According to Plaintiffs, Ortiz was employed by Plaintiffs' prior counsel, Lee Durst. (Dkt. No. 68 at 6.) Defendants stated Plaintiffs describe Ortiz as their "case manager," "paralegal," and "investigator." (Dkt. No. 68-1 at

---

[1] Plaintiffs' counsel provided her portion of the briefing on this joint motion, but according to defense counsel, Plaintiffs' counsel never responded to their repeated requests for confirmation to insert her electronic signature upon filing. (Dkt. No. 68-1 at ¶ 9.) Because the joint statement briefing has been on file for more than two weeks and the Court has not received any objections or requests to reject the filing from Plaintiffs, the Court concludes Plaintiffs have no objection to the content of the filing. *See* CM/ECF Policies and Procedures Manual, § 2.f.4 ("[E]xcept as otherwise ordered, parties will have one business day to file an Objection to Electronic Filing if they object to contents of the joint motion…").

1 ¶ 4.) Defendants noticed Ortiz's deposition because Plaintiffs' counsel represented that
2 Plaintiffs intended to call Ortiz as a trial witness. (Id.)
3       Defendants assert they served Ortiz's subpoena on Plaintiffs' present attorney, Ms.
4 Cohan, because Plaintiffs' recent discovery responses stated that Ortiz should be
5 contacted through Plaintiffs' attorney. (Id. at 3.) It appears Defendants served the
6 subpoena on or about July 11, 2016. (Dkt. No. 68-1 at ¶ 7.) Defendants scheduled
7 Ortiz's deposition to be held on July 26, 2016. Defendants aver that the night before the
8 deposition, around 9:00 p.m. on July 25, 2016, Plaintiffs' counsel sent a letter via email
9 objecting to the deposition and stating that Ortiz would not appear. (Id.) Defendants'
10 counsel did not read the letter until the next morning, and by then, the court reporter and
11 videographer were already at the office. (Id. at ¶ 6.) Defendants now seek
12 reimbursement from Plaintiffs for the expenses they incurred for the court reporter and
13 videographer. (Id. at ¶ 7.)
14       In Plaintiffs' portion of the joint statement, Plaintiffs' counsel contends she spoke
15 with defense counsel on the phone earlier in the day on July 25, 2016, and so Defendants
16 arguably had enough time to cancel the reporter and videographer. (Dkt. No. 68 at 6.)
17 Defendants' counsel responds, in her signed declaration, that Plaintiffs' representations
18 regarding their communications are not accurate because the only communication she
19 received regarding Ortiz's deposition was the email Plaintiffs' counsel sent the night
20 before the scheduled deposition. (Dkt. No. 68-1 at ¶¶ 5, 5.b.)
21       Although Defendants assert Ortiz failed to comply with the subpoena (Dkt. No. 68
22 at 5), they do not seek sanctions against Ortiz. They have not applied for an order to
23 show cause why Ortiz should not be held in contempt for her failure to appear at a
24 properly noticed deposition, and do not request that Ortiz pay the expenses. Fed. R. Civ.
25 P. 45(g); *see also* Schwarzer, Tashima, Wagstaff, Fed. Civ. Proc. Before Trial, § 11:1625
26 *et seq.* (where a nonparty witness fails to appear in response to a subpoena, the only
27

sanction available is contempt).  They also do not seek an order requiring Ortiz to appear for her deposition because following her non-appearance and per the parties' stipulation, Ortiz signed a declaration that she will not testify as a witness at trial.  (Dkt. No. 68-1 at ¶ 4.)

Thus, this issue concerns whether sanctions may be imposed against Plaintiffs for their belated objection and notification that Ortiz will not be appearing for her deposition. Federal Rule of Civil Procedure 30(d)(2) provides that "The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Although Rule 30(d)(2) is commonly cited in support of sanctions for conduct that occurs during a deposition, courts in this Circuit have also relied on this provision to issue monetary sanctions for expenses incurred as a result of a non-appearance or untimely cancellation of a deposition.  *See generally,* Adv. Comm. Notes to 1993 Amendm't to former Rule 30(d)(3); *see e.g., Zhi Yang Zhou v. David*, 2012 U.S. Dist. LEXIS 37622, *4-5 (N.D. Cal. Mar. 20, 2012) (imposing monetary sanctions against the deponent's counsel under Rule 30(d)(2) for his failure to appear at scheduled depositions, and requiring payment to defendants for defense counsel's time, for the court reporter and interpreter expenses, and for counsel's time incurred in bringing the motion for sanctions); *see also e.g., BoomJ.com v. Pursglove*, 2011 U.S. Dist. LEXIS 39169, *5-6 (D. Nev. Apr. 1, 2011) (citing Rule 30 and ordering plaintiff to pay reimbursement of reasonable costs, including court reporter and cancellation fees, related to the cancelled deposition of the plaintiff's CEO and agent).

Here, the Court finds Defendants are entitled to reimbursement for the expenses associated with Ortiz's deposition.  Defendants contacted Ortiz through Plaintiffs' attorney, as instructed.  Plaintiffs, through their counsel, acknowledged receipt of the subpoena, and did not use appropriate methods to move to quash the subpoena or move

for a protective order. Although Plaintiffs' counsel asserts she spoke with defense counsel over the phone the day before the deposition, the Court credits defense counsel's declaration, signed under penalty of perjury, attesting that the only communication Defendants received was the email sent the night before the deposition. Plaintiffs' objection and notification that Ortiz would not be appearing for her deposition thus did not give Defendants sufficient time to cancel the court reporter and videographer services. Plaintiffs, through their counsel's actions, therefore impeded and frustrated Ortiz's examination and caused Defendants to unnecessarily incur expenses. For these reasons, the Court will grant Defendants' request.

### III. Conclusion

**IT IS ORDERED** that:

1. The Court **GRANTS** the request for a limited extension of the expert disclosure deadline as to the mental or emotional health experts only. The expert disclosures deadline as to mental or emotional health experts only is extended to **November 16, 2016**.

2. The Court **GRANTS** Defendants' request for reimbursement of the expenses they incurred pertaining to Ortiz's scheduled deposition examination. Plaintiffs shall pay to Defendants the amount of expenses they incurred on July 26, 2016 for the court reporter and videographer.

**IT IS SO ORDERED.**

Dated:  September 27, 2016

Hon. Nita L. Stormes
United States Magistrate Judge