1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CECILIA PEDROZA OCHOA, individual and as Surviving Spouse of Daniel Pedroza deceased, et al., | Case No.:  3:15-cv-00568-LAB-NLS |
| 13                                      Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR ORDER FOR DISCLOSURE OF AUTOPSY PHOTOGRAPHS** |
| 14  v. | |
| 15  CITY OF OCEANSIDE, a California municipal corporation, et al., | (Dkt. No. 73) |
| 17                                      Defendants. | |

18

19          Before the Court is Plaintiffs' "Motion Re: Protective Order for Disclosure of the

20  Autopsy Photographs."  (Dkt. No. 73.)  Defendants filed an opposition.  Having reviewed

21  and considered the papers submitted, the Court **DENIES** Plaintiffs' motion.

22  **I.     Relevant Background**

23          Plaintiffs initiated this suit for wrongful death and violations of civil rights on

24  March 12, 2015.  (Dkt. No. 1.)  Throughout the duration of this case, the Court has

25  entered a number of orders governing the schedule and deadlines in this case.  Most

26  recently, the Court ordered that fact discovery would close on September 19, 2016, the

27

1

1  new expert disclosures deadline was October 7, 2016, and the expert rebuttal period
2  closes on November 1, 2016.  (Dkt. No. 67.)
3      On October 12, 2016, nearly a month after the fact discovery period closed,
4  Plaintiffs filed the presently pending Motion for Protective Order for Disclosure of the
5  Autopsy Photographs.[1]  (Dkt. No. 73.)  Although Plaintiffs styled this motion as a noticed
6  motion, Plaintiffs did not obtain a hearing date to set the briefing schedule.  They also did
7  not alternatively satisfy the meet and confer requirements and file the motion using the
8  joint motion procedures for discovery disputes as set forth in the undersigned's Chambers
9  Rules.  Defendants nonetheless filed their opposition on October 17, 2016 (Dkt. No. 74),
10  and so the Court took the matter under submission.

11  **II.  Discussion**
12      **a.  The Parties' Positions**
13      Plaintiffs contend that the San Diego coroner's medical examiner took autopsy
14  photographs of the decedent, Daniel Pedroza.  Although Plaintiffs' briefing is unclear, it
15  appears Plaintiffs seek to modify the protective order to permit the autopsy photographs
16  to be disclosed to experts, testifying witnesses, and for use at trial.   (*See* Dkt. No. 73 at
17  5.)  In support of their position, Plaintiffs recite legal authorities that pertain to work
18  product protections under Federal Rule of Civil Procedure 26(b)(3).  (Id. at 3-4.)
19  Plaintiffs do not state whether they already received copies of the autopsy photographs at
20  issue and only seek to disclose these photographs to witnesses and at trial, or whether
21  Plaintiffs contend they need to obtain the photographs.  (Dkt. No. 73, *passim*.)

22  _____

23  [1] Plaintiffs also recently filed a motion to extend the expert disclosures deadline and pre-
24  trial dates in this case based on grounds they want additional time to obtain the homicide
    report and autopsy photographs, and to provide those items to their expert.  (Dkt. No. 70.)
25  Defendants filed a declaration and evidence demonstrating they provided the complete
26  homicide report (Dkt. No. 71), and Plaintiffs' counsel thereafter acknowledged her office
27  had already received the complete homicide report (Dkt. No. 72).

1   Defendants' recent earlier filing, however, indicates that the autopsy photographs have

2   not yet been disclosed.  (*See* Dkt. No. 71 at ¶ 5.)

3         Defendants object to Plaintiffs' motion on multiple grounds.  They object that

4   Plaintiffs' request is belated and will prejudice Defendants because Defendants' experts

5   already provided their expert disclosures and reports.  They contend that if Plaintiffs

6   provide the photographs to their yet-to-be disclosed experts, Defendants will be

7   prejudiced because their own experts have not reviewed the photographs and the rebuttal

8   period is quickly approaching.  (Dkt. No. 74-1 at ¶5.)  Defendants also argue Plaintiffs

9   failed to show good cause to release the autopsy photographs because the medical

10  examiner provided extensive reports, charts and diagrams and Plaintiffs have not

11  presented any evidence or argument that those reports are insufficient such that the

12  photographs would be needed.  Thus, Defendants argue, Plaintiffs seek to compel

13  disclosure of the photographs so they can inflame the jury against Defendants.

14  Defendants further argue Plaintiffs failed to comply with the Local Rules regarding

15  motion practice and meet and confer efforts.  (Dkt. No. 74.)

16        **b.  Analysis**

17        Having reviewed and considered the parties' briefing, the Court does not find good

18  cause to reopen discovery to issue an order to disclose the autopsy photographs.  As an

19  initial matter, Plaintiffs' motion is procedurally non-compliant.  Plaintiffs did not satisfy

20  the meet and confer requirements and did not file the motion using the joint motion

21  procedures for discovery disputes as set forth in the undersigned's Civil Case Procedures,

22  § IV.  Nor did Plaintiffs alternatively request and obtain a hearing date to set the briefing

23  schedule on a noticed motion.  Civ. L.R. 7.1.b & e.  The Court's Local Rules supplement

24  the Federal Rules of Civil Procedure and are construed to promote the "just, efficient and

25  economical determination of every action and proceeding."  Civ. L.R. 1.1.c.  Given that

26  Plaintiffs' motion essentially seeks to modify the protective order and to reopen fact

27

discovery to order disclosure of the autopsy photographs, Plaintiffs should have abided by the meet and confer requirements and joint motion filing requirements in the undersigned's Civil Case Procedures.  Their failure to meet and confer side-steps procedures that are meant to facilitate attempting to efficiently resolve disputes before seeking judicial intervention.  Likewise, Plaintiffs' failure to abide by the rules governing motion practice, such as by not obtaining a hearing date for a noticed motion, prejudices Defendants and places them at an unfair disadvantage of responding to a noticed motion without the structured deadlines set by a noticed-motion briefing schedule.  Plaintiffs' disregard of these procedural rules disrupts the orderly efficiency of proceedings for the both opposing counsel and the Court.

Moroever, Plaintiffs fail to provide the Court with persuasive authority or argument to justify their belated request to reopen fact discovery to order production of the autopsy photographs.  Plaintiffs cite and quote Rule 26(b)(3) regarding the work product doctrine, but they fail to explain how or why that provision applies to the issue presently before the Court.  Plaintiffs also cite to provisions in the protective order entered in this case, and to the provision that states a party may move to modify the protective order at any time.  But Plaintiffs make no showing that the protective order needs to be modified, and they do not identify any provisions in the order that need modification.  Indeed, the protective order already states that confidential materials may be disclosed to experts and testifying witnesses, and already provides a provision for use of such information at trial.  (Dkt. No. 4-5, 7 §§ 3, 5.)

Plaintiffs also cite to California Code of Civil section 129, which provides that autopsy photographs cannot be copied, reproduced or faxed unless a court order permits it after good cause has been shown and after at least five days' notice to the district attorney.  (Dkt. No. 73 at 6; Cal. Code Civ. Proc. §129.)  Plaintiffs have not demonstrated that section 129 applies to govern this dispute, and the Court queries whether it applies

here.  *See e.g., Holmes v. United States*, 2010 U.S. Dist. LEXIS 24803, *2-3 (N.D. Cal. Mar. 4, 2010) (in section 1983 action where autopsy photographs were sought, the court noted that while "the SFPD may be bound by § 129, this Court is not.")  Even if it were to apply, for the reasons explained below Plaintiffs have not demonstrated good cause for their belated request for disclosure of the autopsy photographs.

This dispute at its core is about Plaintiffs' belated request to reopen fact discovery to obtain an order authorizing disclosure of the autopsy photographs.  To reopen discovery would require modifying the schedule.  As such, the Court begins its discussion with an excerpt from the Ninth Circuit's opinion in *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060-1062 (9th Cir. 2005), about the policy supporting enforcement of court scheduling orders:

> In these days of heavy caseloads, trial courts ... routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence...
>
> Disruption to the schedule of the court and other parties is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Id*.

Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause before modifying a pretrial motion or schedule, such as where Plaintiffs seek to reopen discovery to obtain autopsy photographs.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  Good cause exists if the party can show that the schedule "cannot reasonably be met despite the diligence of the party…." *Id*.

3:15-cv-00568-LAB-NLS

1    Here, Plaintiffs have not demonstrated good cause to justify reopening fact
2  discovery for this purpose.  The Court recognizes that Plaintiffs' current counsel
3  substituted into the case in July of 2016, and that she is Plaintiffs' third lawyer.
4  However, the Court has also previously granted Plaintiffs multiple extensions of the pre-
5  trial dates and deadlines, including the fact discovery deadlines.  (*See* Dkt. No. 46 at 2
6  (extending deadlines and noting that Plaintiffs now have "more than enough time to
7  manage all future pretrial proceedings; no further extensions should be necessary"); Dkt.
8  No. 67 at 2 (granting Plaintiffs another extension and warning them the Court "won't
9  tolerate further lack of diligence….").  Plaintiffs make no showing of why they could not
10  seek to order disclosure of the autopsy photographs during the period when fact
11  discovery was open, and why despite their diligence they could not have done so earlier.
12  Moreover, the Court does not find persuasive Plaintiffs' argument that the autopsy
13  photographs are needed to illustrate and help clarify the testimony from the coroner's
14  office or the medical experts.  As Defendants aptly noted, Plaintiffs do not present any
15  evidence or argument that the witnesses' testimony will require clarification using the
16  autopsy photographs, and do not explain why the autopsy photographs would be needed
17  to cure any purported insufficiency in the medical examiner's reports or any particular
18  issue in dispute.

## III.   Conclusion

20    For all the forgoing reasons, the Court **DENIES** Plaintiff's motion for an order for
21  disclosure of the autopsy photographs.

22    **IT IS SO ORDERED.**

23  Dated:  October 20, 2016

24  _____
25  Hon. Nita L. Stormes
26  United States Magistrate Judge