# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA PEDROZA OCHOA, et al.,<br><br>                                  Plaintiffs,<br>    vs.<br>CITY OF OCEANSIDE, et al.,<br>                                  Defendants. | CASE NO. 15cv568-LAB (NLS)<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

       Three years ago, Oceanside police officer Jeff Brandt shot and killed Daniel Pedroza after Pedroza reached for his gun in defiance of Brandt's commands. Witnesses confirmed Brandt's testimony. The District Attorney investigated and found Brandt acted reasonably. But Pedroza's family sued under section 1983 and state law for various claims. On February 21, 2017, the Court held a hearing and granted summary judgment for defendants. This order augments the rulings made at the hearing.

    **I.**    **Amendment**

       Plaintiffs sued the City of Oceanside, Chief of Police Frank McCoy, and the Oceanside Police Department "Including All Involved" officers. The complaint contemplates that plaintiffs will amend to add the name of the "the unknown officer" who killed Pedroza. The City provided Brandt's name to the plaintiffs around September 2015. But plaintiffs decided not to amend. And at Brandt's deposition in September 2016, plaintiffs' counsel told Brandt he wasn't a defendant. The December 29, 2016, motion cut-off date came and went. A month later, plaintiffs asked to add Brandt as a defendant. The Court denied that motion under Rule 16 and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).[1]

---

[1] Dkt. 96-1 and 103.

At the summary judgment hearing, the Court offered plaintiffs' counsel an opportunity to be heard on the Court's order denying amendment. Counsel (i) admitted that she told Brandt he wasn't a defendant when she deposed him; (ii) had no explanation for her delay; and (iii) had no answer for why the amendment wouldn't prejudice defendants. Instead, she pointed out that she would have to litigate in state court.

The Court reviewed counsel's history of irresponsible lawyering: from last second requests for continuances, to repeated violations of basic rules of civil procedure, to ignoring court orders.[2] The Court reminded counsel that it had granted multiple extensions of the pretrial deadlines, and, that each order granting a continuance contained bolded warnings that the Court wouldn't "tolerate further lack of diligence." The final continuance order was explicit: if counsel asks for "another extension of a pretrial deadline, it will be denied."[3] The Court reaffirms its ruling denying plaintiffs leave to amend.

## II.    Summary Judgment

The summary judgment standard is well-known: an action can't proceed to trial if there's no genuine issue as to any material fact. Fed. R. Civ. P. 56. Oceanside offered evidence that (i) Chief McCoy wasn't involved in the shooting and (ii) that the City's policies and customs didn't cause Pedroza's unfortunate death. Plaintiffs didn't offer any material facts that a jury could rely on to find Chief McCoy or the City liable. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Instead, the opposition argued that officer Brandt was liable for use of excessive force in violation of Pedroza's Fourth Amendment rights. But as plaintiffs' counsel explained to Brandt at his deposition, he wasn't a defendant.[4]

### A.    Chief McCoy

Plaintiffs didn't offer any evidence or argument that Chief McCoy harmed Pedroza. Instead, Plaintiffs' expert testified McCoy wasn't at fault. Oceanside offered McCoy's

---

[2] *See, e.g.*, Dkt. 77 and 79.

[3] Dkt. 46, 67, and 77.

[4] The opposition is often unintelligible and incompatible with the complaint. For example, the complaint discusses Fourteenth Amendment violations, but the opposition only argues for Fourth Amendment violations. The Court dismisses any other cognizable federal claims in the complaint as abandoned. *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008).

declaration that he wasn't at the scene or involved "in any aspect of the investigation." The Court asked plaintiffs' counsel to identify any evidence that suggested McCoy was liable. She couldn't.[5]

### B. City of Oceanside

A city "may not be sued under § 1983 for an injury inflicted solely by its employees" unless "execution of a government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95 (1978). The opposition offered two sentences on *Monell* liability: "Brandt acted pursuant to a longstanding practice or custom of the Oceanside Police Department. The practice or custom at issue concerns a tactical procedure designed to shoot a suspect which is the moving force behind unconstitutional uses of deadly force." As evidence, plaintiffs attached excerpts on the use of force from the Oceanside Police Department Policy and Procedures.[6]

These allegations don't cut it. Plaintiffs offered no *evidence* that any policy or custom was the moving force behind the alleged violation of Pedroza's rights. Instead, they improperly relied on "the occurrence of a single incident" of an alleged "unconstitutional action" to prove *Monell* liability. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989). Plaintiffs' expert didn't have any criticism of the Oceanside policies and agreed they were standard practices. Oceanside's experts made the same finding.[7]

Plaintiffs' counsel floated a new failure to train theory at the hearing: The City failed to train Brandt because he didn't retreat or adequately care for Pedroza. First, the Court dismissed these new theories as untimely and abandoned: plaintiffs didn't raise them "in opposition to the defendant's motion for summary judgment." *Shakur*, 514 F.3d at 892. Second, even if timely, plaintiffs rely on their expert's report for this theory, but the expert testified that he didn't review any training materials.[8] Third, an officer "need not retreat" when

---

[5] Dkt. 85-13, Ex. B at 144–145; Dkt. 85-2 at 2.

[6] Dkt. 92 at 12. The Police Department isn't a proper defendant. *Muhammad v. San Diego County Sheriff's Dept.*, 2007 WL 3306071 (S.D. Cal. 2007).

[7] Dkt. 85-13, Ex. B at 71, 152–153; Dkt. 86-6, Ex. B at 4.

[8] Dkt. 85-13, Ex. B at 152–153.

threatened with resistance (Cal. Penal Code § 835a), and, Brandt immediately called for an ambulance and ordered the first responding officer to start first aid.[9]

Finally, even if Brandt was a defendant, there's no evidence that he engaged in deliberate action that shocks the conscience. Brandt was "forced to make [a] split-second judgment[]" under "tense, uncertain, and rapidly evolving" circumstances, to shoot an armed man—but *only after* he defied Brandt's orders and Brandt saw the gun "coming out." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014). Brandt fired a final shot *only after* Pedroza refused to get on the ground, his hands "went down in front of him again," and Brandt thought he was reaching for a second gun.[10] Witnesses confirmed Brandt's account. One witness testified that he "clearly" heard Brandt order Pedroza "two or three times": "show me your hands" and get your "hands out of [your] pockets"; but instead, Pedroza's hands were "going into his hooded sweatshirt or his waistband." After the initial shots, the witness testified that "the man was still trying to reach into his waist or his jacket."[11]

Officer Brandt made the hardest decision we ask of our brave men and women who protect our communities. The result was tragic. But from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" Brandt made the right decision. *Plumhoff*, 134 S. Ct. at 2020.

### III.     Conclusion

The Court declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses them without prejudice. The City's motion for summary judgment on the federal claims is **GRANTED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: February 28, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[9] Plaintiffs' "supplemental" opposition is denied as untimely and improper.

[10] Dkt. 85-13 Ex. F at 13–18.

[11] Dkt. 86-14, Ex. J at 14–20.